IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| YOLANDA SCHNEIDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 12 C 9084 |
| v. | ) | |
| | ) | Magistrate Judge |
| CAROLYN W. COLVIN, Acting | ) | Maria Valdez |
| Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Yolanda Schneider's claim for Disability Insurance Benefits. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Schneider's motion for summary judgment [Doc. No. 21] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 25] is denied.

## BACKGROUND

### I. PROCEDURAL HISTORY

Claimant's date last insured was June 30, 2000, and the period of widow's benefits following her husband's 1998 death ended on November 30, 2005. Schneider most recently her filed claim for Disability Insurance Benefits on August

---

[1] Carolyn W. Colvin is substituted for her predecessor, Michael J. Astrue, pursuant to Federal Rule of Civil Procedure 25(d).

22, 2005, alleging disability since June 1, 2000, or from her fiftieth birthday on June 8, 2003, or from any date before the expiration of the period of widow's benefits. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on April 30, 2008. That ALJ denied Schneider's claim, and her request for review by the Appeals Council was denied on April 21, 2009. Plaintiff appealed that denial to the United States District Court, and the case was remanded back to the Commissioner for a new hearing pursuant to a joint stipulation.

Her second ALJ hearing was held on June 14, 2011. Schneider personally appeared and testified at the hearing and was represented by counsel. Medical expert Dr. Ashok Jilhewar and vocational expert Pamela Tucker also testified.

On June 22, 2011, the ALJ denied Claimant's claim for Disability Insurance Benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Claimant's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. FACTUAL BACKGROUND[2]

### A. <u>Medical Evidence</u>

Plaintiff's treating physician, Dr. Dang, completed a medical evaluation on August 2, 2006, which stated that due to causalgia[3] of her right femoral nerve,

---

[2] The following facts from the parties' briefs are undisputed unless otherwise noted.

2

Plaintiff had a more than fifty percent reduction in her capacity to bend, stoop, climb, push, and pull, and in her activities of daily living; a twenty to fifty percent reduction in her ability to walk, stand, and turn; a twenty percent reduction in grasping and finger dexterity; and an inability to lift more than ten pounds. Testifying expert Dr. Jilhewar concluded that his "opinion was exactly similar to Dr. Dang's." (R. 561.)

Schneider had no specific injury or medical condition related to her upper extremities. Dr. Jilhewar explained his belief that Dr. Dang found she had a twenty percent limitation in finger dexterity due to her causalgia, because the severity of pain in one region can affect movement in other areas of the body. He stated that "[b]ecause of the pain, she would be a little slower. So she can do it frequently rather than continuously." (R. 560.) He also testified that he believed Dr. Dang "was thinking of persistence in concentration from severity of the pain" and "[o]nce the pain is a high moderate or severe, our concentration becomes less than our normal, that person's specific normal." (R. 559-60.)

### C. **Vocational Expert Testimony**

Vocational Expert ("VE") Pamela Tucker testified that Schneider's prior employment as a sewing worker was classified as light and semi-skilled, and her former job in electronics assembly was classified as sedentary unskilled. The ALJ asked Tucker whether a hypothetical person with the same age, education, and work experience as Plaintiff, and a residual functional capacity ("RFC") limiting her

---

[3] The medical expert testified that "causalgia" refers to chronic pain related to post-traumatic neuropathy.

3

to lifting or carrying only ten pounds occasionally and less than ten pounds frequently; standing or walking two hours in an eight-hour work day; sitting six hours in a work day; unable to operate foot controls with either foot; unable to climb ladders, ropes, or scaffolds, but able to frequently climb ramps or stairs; only able to occasionally balance, stoop, crouch, kneel, and crawl; avoiding all unprotected heights and use of motorized vehicles, could perform any of Plaintiff's past work. The VE said that the person could perform Plaintiff's past job as an electronics worker, and other unskilled sedentary jobs would also be available to her, including atomizer assembler (approximately 500 jobs in the relevant economy); grinding machine operator (350); and medical eye drop assembler (450). Upon questioning by Plaintiff's counsel, the VE testified that for the electronics worker position, an additional limitation to handling and fingering on only a frequent, rather than continuous, basis, would reduce the number of available jobs from 1,000 to approximately 400.

The ALJ also added to the hypothetical a limitation that the person would be off-task more than ten percent of the time due to concentration deficits and medication use. The VE testified that such a limitation would eliminate all the listed jobs, and the person could perform no jobs in the national economy.

**D.   ALJ Decision**

The ALJ found at step one that Schneider had not engaged in substantial gainful activity since her alleged onset date of June 1, 2000. At step two, the ALJ concluded that she had the severe impairment of post-traumatic right sciatic nerve

4

neuropathy. The ALJ concluded at step three that the impairment did not meet or medically equal a Listing. The ALJ then determined that Schneider retained the RFC to perform sedentary work, with certain additional limitations. Specifically, the ALJ opined that Plaintiff could lift or carry ten pounds occasionally and less than ten pounds frequently; stand or walk for two hours in an eight-hour work day for thirty minutes at a time; sit for six hours in a work day; frequently climb ramps or stairs; occasionally balance, stoop, crouch, kneel, and crawl; and frequently use her upper extremities for grasping and handling and fine manipulation. The ALJ found that Schneider could never climb ladders, ropes, or scaffolds; operate foot controls with either foot; be exposed to unprotected heights; or operate a motor vehicle. At step five, based upon the VE's testimony and Claimant's age, education, work experience and RFC, the ALJ concluded that Claimant could perform her past relevant work as an electronics worker, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a claimant is disabled, the ALJ considers the following five questions in order: (1) Is the claimant

5

presently unemployed? (2) Does the claimant have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the claimant unable to perform her former occupation? and (5) Is the claimant unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the claimant is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The claimant bears the burden of proof at steps 1–4. *Id.* Once the claimant shows an inability to perform past work, the burden then shifts to the Commissioner to show the claimant's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its

judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a claimant, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a claimant is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors

his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

**III. ANALYSIS**

Claimant argues that the ALJ's decision was in error because (1) she mischaracterized Dr. Jilhewar's testimony as limiting only Schneider's dexterity, rather than her concentration and pace; and (2) failing to consider all evidence related to her past relevant work.

### A. <u>Concentration, Persistence, and Pace</u>

Plaintiff argues that Dr. Jilhewar's testimony establishes that she would be limited in concentration, persistence, and pace by as much as twenty percent, which would mean that she is disabled, pursuant to the VE's testimony. The Commissioner responds that Dr. Jilhewar testified that any limitation in concentration affected only her functional ability to perform movements with her hands.

The Court finds that while the testimony is not clear, the ALJ erred by not considering whether it could support a finding that Plaintiff's overall concentration was limited by an amount that would lead to a disability finding. *See Scrogham v. Colvin*, 765 F.3d 685, 698 (7th Cir. 2014). Although Dr. Jilhewar originally testified about the effect of the causalgia in reference to Dr. Dang's upper extremity limitations, the testimony is not so limited. He specifically referred to a lack of concentration from the severity of pain, not merely a limitation on upper extremity movement. The testimony, however, also does not manifestly support a finding of

8

disability, so it is necessary to remand the matter to the Commissioner for a determination of the effect of Plaintiff's pain on her concentration, persistence, and pace, rather than only the functional limitations it may cause.

B.  **Past Relevant Work**

Plaintiff argues that the VE at her 2008 hearing, Lee Knutson, testified that all of her past work was light. At the second hearing, VE Pamela Tucker testified that her prior work in electronic assembly was at the sedentary level. Plaintiff faults the ALJ for rejecting Knutson's testimony in favor of Tucker's.

The Court agrees with the Commissioner that Plaintiff overstates Knutson's testimony. He testified about Schneider's work as a sewing machine operator, which he concluded was light and semi-skilled, but he did not mention her electronics work at all. (*See* R. 385, 387.) In contrast, Tucker testified in detail about the classification of the electronics worker position, which she concluded was sedentary. Plaintiff's argument also disregards Tucker's testimony that unskilled sedentary positions existed in the regional economy, making any possible error harmless.

## CONCLUSION

For the foregoing reasons, Plaintiff Yolanda Schneider's motion for summary judgment [Doc. No. 21] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 25] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**  **ENTERED:**

**DATE:     February 20, 2015**     _____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**